In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Aaron J. ROLLINS, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Aaron J. ROLLINS, Respondent.

Supreme Court

*No. 2011AP778–D.—Decided May 9, 2012.*

2012 WI 48

(Also reported in 811 N.W.2d 814.)

¶ 1. PER CURIAM. We review the recommendation of the referee, Timothy L. Vocke, that Attorney Aaron J. Rollins' license to practice law in Wisconsin be suspended for 60 days for professional misconduct. That misconduct consists of committing a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects; failing to notify the Office of Lawyer Regulation (OLR) and the Clerk of the Wisconsin Supreme Court of his California misdemeanor conviction for one count of grand theft; and failing to cooperate with the OLR's investigative inquiry regarding his California conviction. The referee also recommended that Attorney Rollins be required to pay the costs of the proceeding, which total $1,597.81 as of October 14, 2011.

¶ 2. We determine that the seriousness of Attorney Rollins' professional misconduct warrants a suspension of his license to practice law for 60 days.

¶ 3. Attorney Rollins was admitted to practice law in Wisconsin in 2001. Attorney Rollins has not previously been the subject of an attorney disciplinary proceeding. However, his license to practice law has been administratively suspended for failing to pay bar dues and assessments and for failing to comply with continuing legal education reporting requirements. His license remains administratively suspended. He did not answer or otherwise appear in this disciplinary proceeding, and the referee made findings of fact and conclusions of law in response to the OLR's motion for default judgment.

¶ 4. The OLR's complaint alleged that on February 26, 2010, Attorney Rollins entered a no contest plea to one count of grand theft as a misdemeanor in violation of Section 487(a) of the California Penal Code. The Los Angeles County Superior Court sentenced Attorney Rollins to serve 24 months on summary

362

probation, with conditions that included: (a) serving one day in the Los Angeles County jail; (b) paying court costs totaling $95; (c) paying restitution in the amount of $100; and (d) performing 100 hours of community service. Attorney Rollins did not notify the Clerk of the Wisconsin Supreme Court or the OLR of his conviction.

¶ 5. By letter of March 22, 2010, the OLR notified Attorney Rollins of its receipt of information concerning his California criminal conviction, and requested that Attorney Rollins provide a written response to the OLR no later than April 14, 2010. Attorney Rollins failed to respond. The postal service returned the OLR's March 22, 2010 letter, marked "Return to Sender" and "Not Deliverable as Addressed, Unable to Forward."

¶ 6. In an e-mailed letter dated April 19, 2010, the OLR notified Attorney Rollins of its receipt of information concerning his criminal conviction in California and requested that he provide a written response to the OLR no later than May 10, 2010. The e-mail was not returned to the OLR as undeliverable. Attorney Rollins failed to respond.

¶ 7. The OLR asked the State Bar of California Office of Enforcement (CA-OE) for assistance in personally serving authenticated copies of a complaint and order to answer on Attorney Rollins. Investigators from the CA-OE tried, without success, to personally serve Attorney Rollins at the last address Attorney Rollins had furnished to the State Bar of Wisconsin.

¶ 8. On July 5, 2011, after learning that the CA-OE investigators' service attempts had failed, the OLR sent authenticated copies of the complaint and order to answer to Attorney Rollins via both first-class and certified mail. Attorney Rollins did not file an

answer. On August 18, 2011, OLR's counsel filed a motion for default judgment and supporting affidavit.[1]

¶ 9. The referee held a telephone scheduling conference on August 24, 2011. The referee had previously notified Attorney Rollins of the time and date of the scheduling conference via e-mail sent to Attorney Rollins' last known e-mail address on file with the State Bar of Wisconsin. Attorney Rollins did not appear at the scheduling conference.

¶ 10. On September 13, 2011, the referee conducted a hearing on the OLR's motion for default judgment. Attorney Rollins did not appear at the hearing.

¶ 11. The referee concluded that by engaging in conduct resulting in a misdemeanor conviction for one count of grand theft contrary to Section 487(a) of the California Penal Code, Attorney Rollins violated SCR 20:8.4(b).[2]

¶ 12. The referee also concluded that by failing to report his California criminal conviction to the OLR

---

[1] OLR's counsel supplemented the information provided in the OLR's default judgment motion by way of a March 26, 2012 response to this court's order to show cause why this disciplinary proceeding should not be dismissed for failure to serve the complaint and order to answer consistent with SCR 22.13(1). The OLR's March 26, 2012 filing satisfied the order to show cause because it contained affidavits of non-service from investigators at the CA-OE describing unsuccessful efforts to personally serve Attorney Rollins with the complaint and order to answer before the OLR effected service through certified mail. *See* SCR 22.13(1).

[2] SCR 20:8.4(b) provides it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

364

and the Clerk of the Wisconsin Supreme Court, Attorney Rollins violated SCR 21.15(5),[3] enforceable via SCR 20:8.4(f).[4]

¶ 13.  The referee also concluded that by failing to provide a written response to the OLR's investigative inquiry regarding his conviction, and by failing to fully and fairly disclose the facts and circumstances pertaining to the alleged misconduct, Attorney Rollins violated SCR 22.03(2).[5]

¶ 14.  We adopt the findings of fact and conclusions of law set forth in the referee's report and recom-

---

[3] SCR 21.15(5) provides:

> An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[4] SCR 20:8.4(f) provides it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[5] SCR 22.03(2) states:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

mendation. Attorney Rollins' misconduct with respect to his California criminal conviction, his failure to notify the OLR and the clerk of this court of that conviction, and his failure to cooperate with the OLR's investigation are serious failings warranting a suspension of his license to practice law in Wisconsin. A 60–day suspension of his law license is appropriate discipline for his professional misconduct.

¶ 15. IT IS ORDERED that the license of Aaron J. Rollins to practice law in Wisconsin is suspended for a period of 60 days, effective the date of this order.

¶ 16. IT IS FURTHER ORDERED that to the extent he has not already done so, Aaron J. Rollins comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 17. IT IS FURTHER ORDERED that within 60 days of the date of this order, Aaron J. Rollins shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and Aaron J. Rollins has not entered into a payment plan approved by the Office of Lawyer Regulation, then the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of Aaron J. Rollins to practice law in Wisconsin.

¶ 18. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). I think a 60–day suspension is inadequate.